BYE, Circuit Judge,
dissenting.
, The majority affirms concluding the district court would have been required to speculate about whether Midwest’s provision of services to rail carriers, as opposed to the provision of rail transportation property, would have resulted in discriminatory treatment of a rail carrier in violation of the 4-R Act, and that such speculation would have been an improper basis for the district court to rule in Midwest’s favor. The district court did not, however, rule against Midwest on the ground that ruling in its favor would have required it to speculate. The district court based its decision on what it gleaned as the rule of law which flows from the Trailer Train line of cases, i.e., that the Trailer Train cases do not support extending the protection of the 4-R Act to an entity which merely provides repair and maintenance services to a rail carrier, instead of providing transportation property to a rail carrier. Because I believe the district court erred in its legal analysis, I respectfully dissent.
I do not read anything in our Trailer Train line of cases which distinguishes between taxes on railroad-related services and taxes on railroad-related property. Rather, the key to determining whether the 4-R Act extends to an entity other than a rail carrier under the catch-all provision of 49 U.S.C. § 11501(b)(4) is whether the tax increases the cost of an activity to a rail carrier’s detriment. Indeed, the majority itself acknowledges this point. See Ante at 669 (citing Burlington N. R.R. Co. v. City of Superior, Wis., 932 F.2d 1185, 1186-88 (7th Cir.1991) (“Who conducts the activity that is taxed is irrelevant. The tax will increase the cost of the activity, to the railroad’s detriment____ [The state] cannot levy a tax on inputs into railroading alone.”)).
*671 Taxes on repair and maintenance services provided to a rail carrier can increase the cost of an activity to a rail carrier’s detriment in like measure to taxes on the provision of property to a rail carrier. I find nothing in our Circuit’s jurisprudence, other Circuits’ jurisprudence, or the Supreme Court’s jurisprudence, to support the district court’s interpretation of the Trailer Train cases. Midwest established it performs railcar repairs and maintenance services for rail carriers. As a consequence, the financial burden the state of South Dakota imposes upon Midwest is transferred to, and shared by, rail carriers. I therefore believe the protection of the 4-R Act extends to Midwest.
I respectfully dissent.